ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LISSETTE LACOMBA ACEVEDO<br><br>Apelante<br><br>v.<br><br>MIGUEL LUIS TORRES TORRES Y OTROS<br><br>Apelados<br>────────────<br>LISSETTE LACOMBA ACEVEDO<br><br>Apelada<br><br>v.<br><br>MIGUEL LUIS TORRES TORRES Y OTROS<br><br>Apelantes | TA2026AP00231<br><br>CONS. CON<br><br>TA2026AP00234 | *Apelación* se acoge como *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm.: UT2021CV00101<br><br>Sobre: Negativa de Servidumbre; Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas[1], el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 25 de junio de 2026.

Compareció ante nos la Sra. Lissette Lacomba Acevedo (en adelante, "señora Lacomba Acevedo") mediante el recurso de apelación **TA2026AP00231** presentado el 3 de marzo de 2026. Al día siguiente, el Sr. Miguel L. Torres Torres, la Sra. Josselyn Menchaca Trillo y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, "demandados") instaron otro recurso de apelación **TA2026AP00234**. En síntesis, ambos recursos solicitan la revisión de la *Sentencia Parcial en reconsideración enmendada* emitida el 13 de enero de 2026, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Utuado (en

---

[1] Mediante Orden Administrativa OATA-2026-063 emitida el 2 de junio de 2026, se designó al Hon. Roberto Rodríguez Casillas en sustitución de la Hon. Ivelisse M. Domínguez Irizarry.

adelante, "foro de instancia"). En el aludido dictamen, el foro de instancia concluyó que procedía abstenerse de adjudicar y resolver la controversia relacionada con la servidumbre de paso por finca enclava debido a la falta de parte indispensable. En consecuencia, concedió a los demandados la oportunidad de incluir en el pleito, como partes indispensables, a todos los titulares de las fincas colindantes.

Examinada la naturaleza de ambos recursos, los acogemos como *Certiorari* y conservamos su actual identificación alfanumérica para propósitos administrativos. Por los fundamentos que expondremos a continuación, se **deniega** la expedición de ambos recursos.

**-I-**

La señora Lacomba Acevedo instó *Primera Demanda Enmendada*[2] sobre negativa de servidumbre, daños y perjuicios. Alegaron que los demandados ensancharon un camino interno de la finca de la demandante hasta la colindancia de su propiedad e instaron una tubería sin previa notificación y sin permiso. Enfatizaron, además, que la finca de la demandante no aparece gravada con ningún tipo de servidumbre a favor de los demandados, ni la finca de estos últimos figura como predio dominante de servidumbre alguna. Por lo cual, sostuvo que las actuaciones de los demandados le causaron daños físicos a su finca.

Por su parte, los demandados presentaron su *Contestación a la Primera Demanda Enmendada y Reconvención*[3]. Argumentaron que por la finca de la demandante transcurre una servidumbre de paso, la cual alegadamente es el único acceso a la finca de los demandados a la vía pública. Además, negaron lo relativo al ensanchamiento de camino interno a la finca de la demandante. Sin embargo, adujeron que, hace 3 años, instalaron en la finca de la

---

[2] SUMAC-TPI, entrada núm. 3.
[3] *Id.*, entrada núm. 11.

demandante una tubería de agua a lo largo de la misma delineación del camino que les brinda acceso a su finca. Sostuvieron que no conocen a la demandante y negaron haberle causado daño o perjuicio.

En su *Reconvención[4]*, los demandados alegaron que ambas fincas previo al año 1882 pertenecían al mismo dueño, por lo que quedó constituida una servidumbre de paso sin necesidad de indemnización. Argumentaron, a su vez, que su finca está enclavada y su único acceso a la vía pública es el tramo del camino en tierra que atraviesa la propiedad de la demandante. Asimismo, arguyeron que desde el momento en que adquirieron su propiedad en el 2016 hasta el presente, han utilizado y dado mantenimiento al mencionado camino bajo la certeza de que constituye una servidumbre de paso. Por lo cual, sostuvieron que la demandante les ha causado daños y angustias mentales al impedir el acceso, uso y disfrute de su propiedad. De igual manera, alegaron que han invertido tiempo valioso y cuantificable para atender todos los procedimientos judiciales asociados y derivados de esta reclamación, los cuales estiman en $20,000.00 aproximadamente.

De otro lado, la demandante presentó su *Contestación a Reconvención[5]* mediante la cual negó que el camino que actualmente da acceso a la finca de los demandados existiera para el año 1882. Además, alegó que la finca de los demandados no esta legalmente enclavada, ya que tiene otros accesos a la vía pública. En cuanto a la reclamación de daños por los procedimientos judiciales, sostuvo que era prematura en la medida que ninguna de las acciones ha adquirido el carácter de final y firme.

Luego de un extenso trámite procesal, la demandante instó *Segunda Moción de Sentencia Sumaria[6]* y, por su parte, los

---

[4] *Id.*

[5] *Id.*, entrada núm. 21.

[6] *Id.,* entrada núm. 170.

demandados presentaron su *Oposición a "segunda moción de sentencia sumaria" y para que se dicte sentencia a favor de la parte demandada reconviniente*[7], así como sus correspondientes mociones de réplica[8] y dúplica[9].

Es pertinente señalar que, si bien el foro de instancia emitió un dictamen inicial respecto a las mociones previamente mencionadas, posteriormente se vio obligado a revisar dichas determinaciones ante las múltiples solicitudes de reconsideración y sus correspondientes oposiciones. Finalmente, el foro de instancia emitió *Sentencia parcial en reconsideración enmendada*[10] mediante la cual denegó la solicitud de sentencia sumaria por existir controversias de hechos. Concluyó que procedía abstenerse de adjudicar y resolver la controversia relacionada con la servidumbre de paso por finca enclavada debido a la falta de parte indispensable. En consecuencia, concedió a los demandados la oportunidad de incluir en el pleito, como partes indispensables, a todos los titulares de las fincas colindantes. Además, el foro de instancia desestimó parcialmente la *Reconvención*, en cuanto a los alegados daños sufridos a raíz de la presentación del caso de epígrafe, por ser prematura. Por último, realizó una lista de treinta (30) determinaciones de hechos incontrovertidos y otra lista de hechos controvertidos.

Tras la denegación de una solicitud de reconsideración, la señora Lacomba Acevedo acudió ante nos mediante el recurso **TA2026AP00231** y esbozó los señalamientos de error siguiente:

> 1. Erró el TPI **al interpretar y aplicar incorrectamente** el Art. 962 del Código Civil de 2020 al declarar dicha disposición "inaplicable" por exigir la identificación "con certeza" de un acto dispositivo específico, y, como consecuencia, permitir que continuara la reconvención contra la finca 361, **aun cuando sus propias determinaciones de hecho establecen que la finca 5,535 proviene del linaje de la finca 2,025 y que los actos de segregación y/o agrupación sobre la finca 361 no**

---

[7] *Id.,* entrada núm. 180.
[8] *Id.,* entrada núm. 186.
[9] *Id.,* entrada núm. 188.
[10] *Id.,* entrada núm. 239.

**guardan relación con la finca 5,535 ni la afectaron de modo alguno.**

2. Erró el TPI al negarse a adjudicar sumariamente la **insuficiencia probatoria de la reconvención bajo los Arts. 955 y 960** del Código Civil de 2020 respecto a la finca 361 y al diferir esa adjudicación por razón de falta de partes indispensables, aun cuando reconoció déficit de evidencia para sostener la teoría adversa contra la finca que sí estaba debidamente ante su jurisdicción.

3. Erró el TPI al denegar la moción de determinaciones de hechos y de derecho adicionales (SUMAC Doc. 240), en la medida en que **omitió consignar hechos materiales acreditados con evidencia documental y materiales** a la aplicación correcta de los Arts. 962, 955 y 960.

4. Erró el TPI al no desestimar la reclamación de daños y perjuicios contenido en la Reconvención y reclamados por el período anterior a la radicación de la demanda, desde el 31 de agosto de 2016 y que están **basados en la "posesión natural del camino" y "obstaculización", pese a reconocer que no existe servidumbre constituida legalmente, y pese a que el reclamo es vago, conclusorio y, en todo caso, prescrito en parte sustancial.**[11]

Igualmente, los demandados acudieron ante nos mediante otro recurso **TA2026AP00234** y sostuvieron que el foro de instancia cometió los errores siguientes:

**PRIMER ERROR**

**ERRÓ EL TPI AL DETERMINAR QUE AL PLEITO FALTAN PARTES INDISPENSABLES, CUANDO EL CAMINO SOBRE EL CUAL SE SOLICITA LA CONSTITUCIÓN DE LA SERVIDUMBRE FORZOSA DE PASO Y DE ACCESO A REDES GENERALES ES EL <u>ÚNICO ACCESO DE LA PROPIEDAD DE LA PARTE APELANTE A LA VÍA PÚBLICA</u> Y DISCURRE EXCLUSIVAMENTE POR LA PROPIEDAD DE LA PARTE APELADA. ESTO, SIN QUE EXISTAN COLINDANTES NI TERCEROS CUYOS DERECHOS PUEDAN VERSE AFECTADOS POR LA CONSTITUCIÓN DE LAS SERVIDUMBRES RECLAMADAS EN LA RECONVENCIÓN.**

**SEGUNDO ERROR**

**ERRÓ EL TPI AL NO DECRETAR LA CONSTITUCIÓN DE LA SERVIDUMBRE FORZOSA DE PASO Y DE ACCESO A REDES GENERALES RECLAMADAS EN LA RECONVENCIÓN, CUANDO ESTE DERECHO SURGE DE LOS HECHOS INCONTROVERTIDOS PRESENTADOS EN LA SOLICITUD DE SENTENCIA SUMARIA DE LA PARTE APELANTE Y DE LAS PROPIAS DETERMINACIONES DE HECHO EMITIDAS EN LA *SENTENCIA PARCIAL EN RECONSIDERACIÓN ENMENDADA*.**

**TERCER ERROR**

**ERRÓ EL TPI AL NO REFERIR AL TRIBUNAL SUPREMO LA CONDUCTA DE LA LCDA. AMARILYS AROCHO MALDONADO PARA QUE SEA ESTE, <u>FORO CON JURISDICCIÓN EXCLUSIVA EN MATERIA DISCIPLINARIA</u>**

---

[11] SUMAC-TA, recurso TA2026AP00231, entrada núm. 1, pág. 14-15 (énfasis en el original).

**SOBRE LA PROFESIÓN DE LA ABOGACÍA, QUIEN LA EVALÚE DESDE LA PERSPECTIVA ÉTICA Y DISCIPLINARIA CORRESPONDIENTE. MÁXIME, CUANDO DETERMINÓ QUE ESTA HABÍA INCURRIDO EN VIOLACIONES AL CANON 35 DE ÉTICA PROFESIONAL TRAS HABER UTILIZADO CITAS JURISPRUDENCIALES Y UNA SUPUESTA EXPOSICIÓN DE MOTIVOS DEL CÓDIGO CIVIL DE 2020, FALSOS E INEXISTENTES.**[12]

El 18 de marzo de 2026, emitimos *Resolución* en la cual ordenamos la consolidación de ambos recursos por recurrir de una misma determinación.[13] Así, las partes presentaron sus respectivas oposiciones a los recursos.[14]

Perfeccionado el recurso, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

**A.** *Certiorari*

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez,* supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter

---

[12] SUMAC-TA, recurso TA2026AP00234, entrada núm. 1, págs. 20-21 (énfasis en el original).

[13] SUMAC-TA, recurso TA2026AP00231, entrada núm. 4.

[14] SUMAC-TA, recurso TA2026AP00231, entradas núm. 5 y 6.

dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Id.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 141, pág. 63, 216 DPR ___ (2025). La referida Regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, a saber:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A.    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.    Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.    Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.    Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Id.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que —para el buen funcionamiento del sistema judicial y la rápida disposición de los litigios— el juzgador de Instancia tiene gran flexibilidad y discreción para atender y conducir los asuntos

litigiosos ante su consideración. *In re Collazo I,* 159 DPR 141, 150 (2003). Esto es, el adjudicador del foro primario tiene plena facultad para conducir el proceso judicial que atiende de acuerdo con su buen juicio y discernimiento al interpretar el derecho aplicable. Dado a eso, la norma general es que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

Para propósitos de simplificar el análisis y la discusión, debemos atender de manera conjunta los recursos ante nuestra consideración. Veamos.

En ambos recursos, las partes nos solicitan la revisión de la *Sentencia parcial en reconsideración enmendada*. Sin embargo, nótese que, dicho dictamen, aunque titulado como "sentencia parcial", deniega una solicitud de sentencia sumaria. Esto es, el foro de instancia mantuvo vivas las reclamaciones de la *Primera Demanda Enmendada*. Si bien es cierto que el foro de instancia, mediante el referido dictamen, también desestimó una de las causas

de acción presentadas en la *Reconvención,* aclaramos ninguna de las partes nos ha solicitado la revisión dicha determinación. Esa determinación sí es final y es la que provoca que el foro de instancia la resolvería mediante "sentencia". Sin embargo, reiteramos que las partes solo nos solicitan la revisión de las determinaciones interlocutorias consistentes en la denegatoria de una sentencia sumaria, lo cual es revisable mediante un recurso de *certiorari.* Así pues, acogemos los dos recursos de epígrafe como *Certiorari.*

Tras examinar el expediente de epígrafe a la luz de lo estatuido en la Regla 52.1 de Procedimiento Civil, *supra,* colegimos que no encontramos que el foro de instancia haya errado en la aplicación de la norma jurídica pertinente, de manera tal, que nos sea forzoso intervenir con su determinación. Tampoco surge del expediente —ni el peticionario no ha demostrado— que el foro de Instancia haya actuado bajo pasión, prejuicio o parcialidad o algún error manifiesto. Además, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento.

En consecuencia, a tenor con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* colegimos que no existe criterio jurídico que amerite nuestra intervención en esta etapa de los procedimientos.

**-IV-**

Por los fundamentos antes expuestos, se acogen ambos recursos como *Certiorari* y se **deniega** su expedición. Se ordena conservar su actual identificación alfanumérica para propósitos administrativos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones